Argued and submitted March 26,
affirmed as modified April 28, 1980

# In the Matter of the Marriage of
## McCORMACK,
### *Appellant,*
### *and*
## McCORMACK,
### *Respondent.*

## (No. D7712-18442, CA 15020)

610 P2d 290

Jerold L. Billings, Portland, argued the cause and filed the brief for appellant.

Herbert A. Trubo, Portland, argued the cause for respondent. With him on the brief was Friedman & Trubo, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

The issues in this dissolution case center on the trial court's reconsideration of some of the provisions in the decree dealing with the division of the marital property. The trial court awarded the family home to the wife, who was also given custody of the parties' two minor children. On reconsideration, the court increased the amount of the husband's lien against the house and ordered that the lien would be payable upon the wife's remarriage. The wife appeals, challenging the court's authority to reconsider the amount of the lien and its decision to make the lien payable upon remarriage. With one modification, we affirm.

The procedural history of this case is somewhat complicated. It is outlined as follows:

The first hearing was held on October 17, 1978. At that hearing the parties presented little evidence as to the value of the family home, which was the parties' only major asset. The trial judge emphasized that the evidence as to the value of the home was very sketchy. She urged the parties to seek an appraisal, or at least to present the tax assessment. However, based upon the sparse evidence presented to her, she also fixed a value for the house and awarded the husband a $5,000 lien.

A few days later, wife's attorney submitted a decree, which the judge signed. Within a few more days, and well within the 30-day appeal period, husband's attorney filed a motion asking the court to reconsider the amount of the lien.

An appraisal was obtained. On December 18, 1978, a second hearing was held. An appraiser testified. The trial judge indicated that she would increase the amount of the lien to $8,757.50. However, wife had questioned the court's authority to reconsider the amount of the lien. The trial judge indicated that she wished to consider this question before issuing her amended decree.

Because she had been defeated in an election, the trial judge's term of office expired December 31, 1979. She did not sign an amended decree in this case before that time. But on January 17, 1979, the judge signed an amended decree increasing the amount of the husband's lien.

Contending that the judge had no authority to decide the case after the expiration of her term of office, wife moved to strike the amended decree. This motion was granted by another judge in April, 1979. Because the amended decree was no longer in effect, husband's motion to reconsider was still pending. Husband began to search for a judge to hear and decide the motion. Three judges declined to hear the motion because they were unfamiliar with the case.

The original trial judge was then appointed as a pro tempore judge. On June 12, 1979, she signed an amended decree increasing the amount of the husband's lien to $8,757.50. She also ordered that the lien would be payable upon the happening of the first of the following events: the passage of 10 years; the sale of the property; the wife's moving out of the house; or the wife's remarriage.

Wife appeals from the amended decree. We modify the decree to delete the provision requiring payment of the lien upon the wife's remarriage, but otherwise affirm.

Wife first challenges the trial judge's authority to reconsider the amount of the lien. Wife contends that, once the judge's term of office had expired, she was without authority to decide cases which she had heard while in office. We do not resolve this contention because the judge's first amended decree, entered in January, 1979, was stricken and that is not assigned as error on this appeal.

The order which wife appeals from was signed by the trial judge after she was appointed as a *pro tem* judge. It is axiomatic that a *pro tem* judge has the

authority to decide cases heard by that judge. ORS 1.645(2).[1] The judge had the authority to reconsider the amount of the lien, just as she would have had the authority to consider any other motion properly before her.

Wife next argues that because the reconsideration dealt with the property division, and because property division provisions are not subject to a motion to modify, *see* ORS 107.135, the trial court could not reconsider the lien provisions.

Wife is wrong. The motion to reconsider was filed within 30 days of the entry of the original decree. In any event, a court has "* * * inherent power to set aside or correct a previous judgment, upon a showing of good cause to do so." This inherent power should be exercised "* * * within a reasonable time and * * * what is a reasonable time for this purpose is ordinarily a matter within the discretion of the court. * * *" *Morphet v. Morphet,* 263 Or 311, n 1, 316-17, 502 P2d 255 (1972). *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 658-59, 601 P2d 1237 (1979); *Koennecke v. Koennecke,* 239 Or 274, 397 P2d 203 (1964).

Here, the court had good cause for the reconsideration. The evidence presented at the first hearing as to the value of the family home was sketchy at best. The judge urged the parties to present more evidence. When the evidence was presented, the judge reconsidered the amount of the lien.

The power to reconsider was also exercised within a reasonable time. The motion to reconsider was filed within days of the signing of the original decree. Much of the later delay resulted from the wife's opposition to the property appraisal, and from the proceedings as to

---

[1] ORS 1.645(2) provides:

"(2) Each judge pro tempore appointed and qualified as provided in ORS 1.635 has all the judicial powers, duties, jurisdiction and authority, while serving under the appointment, of a regularly elected and qualified judge of the court to which he is appointed or assigned."

wife's motion to strike. The court had the power to reconsider the lien provisions of the decree.

However, although the court had the power to reconsider, we agree with the wife that the court erred in ordering that the lien would be payable upon the wife's remarriage. The record does not indicate that the wife plans to remarry. Therefore, the record also does not contain any information as to the financial situation of any prospective husband. At least given this bare record, we hold that the trial court erred in ordering that the lien would have to be paid on the wife's remarriage.

To rephrase *Grove and Grove,* 280 Or 341, 355, 571 P2d 477 (1977),

> "* * * Public policy does not require that a woman whose first marriage has been dissolved be free to remarry only if her new husband is able to [pay off the lien on the house]."

While *Grove* dealt with the duration of spousal support, rather than the payment of a lien, we think the public policy identified in *Grove* is applicable to the property division provisions of this dissolution decree[2] because "* * * there is [no] reason, at the time the decree is entered, to predict a remarriage * * *" which will affect a party's financial situation. 280 Or at 355. The provision ordering that the lien be paid on the wife's remarriage is deleted from the amended decree.

Affirmed as modified. No costs to either party.

---

[2] Husband argues that *Grove* is distinguishable. Husband notes that, while spousal support may be modified upon remarriage, the property division is not subject to a motion to modify. ORS 107.135. This observation does not advance husband's argument. The inability to modify, coupled with the provision requiring payment of the lien upon remarriage, would restrict the wife so that she could remarry only if her husband was able to pay off the lien. The wife would not be able to seek modification if her prospective husband was unable to pay the lien. This result would contravene the precise public policy identified in *Grove.*