Argued and submitted December 18, 1981, reversed and
remanded with instructions May 26, 1982

NORTHWEST EXPLORATION COMPANY,
*Respondent,*

*v.*

MOORE OREGON LUMBER COMPANY et al,
*Respondents,*

HORN et al,
*Appellants.*

(No. 80-1357, CA. A21318)

645 P2d 570

Guy A. Stokes, Coos Bay, argued the cause for
appellants. With him on the briefs was Chandler, Walberg
& Stokes, Coos Bay.

S. Kyle Huber, Portland, argued the cause for respondent Northwest Exploration Company. With him on the brief was S. Kyle Huber & Associates, P.C., Portland.

James G. Richmond, Roseburg, argued the cause for respondent Leo J. Cary, Jr., Trustee for the Leo J. Cary Trust. On the brief were Dudley C. Walton, and Geddes, Walton, Richmond, Nilsen & Smith, Roseburg.

Norman J. Wiener, Portland, waived appearance for respondent Moore Oregon Lumber Company.

Peter A. Kasting, County Counsel, Coos Bay, waived appearance for respondent Coos County Oregon.

No appearance made by respondent Dorothy Cary.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendants Horne and Pierce appeal from a judgment of the circuit court reforming a 59-year-old judgment and quieting title to the mineral rights, including oil and gas, in certain real property in defendant Leo J. Cary, Jr., as trustee for the estate of Leo J. Cary. The sole question before us is whether the trial court erred in reforming the judgment.

Plaintiff, the owner of gas and oil leases, instituted this action to determine the ownership of oil and gas rights in the following real property:

> "Township 28 South, Range 13 West, Willamette Meridian, Section 32: NW/4, NE/4, N/2SE/4 and Lots 3 & 4, Coos County, Oregon."

Of the property so described, only the ownership of the mineral rights in the Northeast Quarter of Section 32 is involved in this appeal. Defendants Horn and Pierce claim ownership as sole heirs of the record owner, J. W. Coach; defendant trustee's claim depends on reformation of the judgment. After trial to the court on stipulated facts, judgment was entered correcting the legal description of the real property contained in the judgment and quieting title to the mineral rights in the Northeast Quarter of that property in the trustee.

The entire real property described above was once owned by William Coach. In October, 1909, Coach conveyed the property by deed to Coach Timber Company, an Oregon corporation, retaining, however, all mineral rights. At the same time, Coach conveyed the retained mineral rights to J. W. Coach by a deed which described the pertinent property as:

> "* * * The North one-half of the South East quarter, lots Three and Four, the North East quarter *and the* North West quarter of Section Thirty Two, all in Township Twenty Eight, South of *range, Thirteen West* of the Willamette Meridian * * *." (Emphasis supplied.)

In 1915, J. W. Coach conveyed by deed to F. R. Shores the mineral rights in the following property:

> "* * * The North one-half of the south-east quarter; the north-east quarter *of the* north-west quarter; lots 3 and 4,

all in Section 32, and all in Township 28 South, *Range 11 West* of Willamette Meridian; * * *." (Emphasis supplied.)

Subsequently, in 1922, and after the death of J. W. Coach, litigation was commenced by his creditors seeking a determination that Coach's deed to Shores was a mortgage and that Shores had no interest in the property except as trustee for those creditors and a decree that the property be sold to satisfy the claims of those creditors. It was alleged in that complaint that the deed to Shores mistakenly described the property as being in Range 11 instead of Range 13, where it was actually located, and prayed for a reformation of the property description in that respect. All of that relief was granted, and a judgment entered in November, 1922. The mineral rights in the described property, as so reformed, were ultimately sold to Leo J. Cary.

Defendants Horne and Pierce contend that because neither the deed from Coach to Shores nor the judgment entered in the 1922 lawsuit included the Northeast Quarter of Section 32, Coach retained. the mineral rights in that quarter section and those rights passed to them as sole heirs of Coach. Defendant Leo J. Cary, Jr., trustee, however, contends that Coach intended to convey to Shores all of his interest in the property in Section 32 and that the deed description contained in the 1915 deed and subsequent 1922 circuit court judgment was simply a scrivener's error which should now be corrected. Thus, Cary contends that the mineral rights to that quarter section rightfully belong to him as trustee of the Leo J. Cary estate.

■    The parties agree that a court has inherent power to correct a previous judgment only when there are good and sufficient reasons for the exercise of that power, and within a reasonable time. *Morphet v. Morphet,* 263 Or 311, 502 P2d 255 (1972); *Bailey v. Steele,* 263 Or 399, 502 P2d 586 (1972); *Miller v. Miller,* 228 Or 301, 365 P2d 86 (1961); *McCormack and McCormack,* 45 Or App 1111, 610 P2d 290 (1980).

■    Assuming that the court had that power in the context of this proceeding, the record is devoid of any evidence, other than the documents and inferences one might draw from them, that there is good cause to reform the property description previously reformed in a judgment

entered 59 years ago. It may or may not be that Coach intended to give Shores all of the interest in the property in Section 32 as security for his debts to Shores. He might well have intentionally retained whatever he thought he could get away with. It is reasonable to assume that the plaintiffs in the 1922 litigation, creditors of Coach, who were interested in reaching whatever assets they could to effect collection, would have contended that there was the "scrivener's error" now claimed, in addition to the one they successfully sought to have reformed at that time. Given that state of the record, there is nothing more than speculation that Coach's omission of the Northeast Quarter of Section 32 from the "deed" to Shores was only a "scrivener's error." We conclude, therefore, that no good and sufficient reason has been shown for correcting or reforming the 1922 judgment.

Accordingly, we reverse that portion of the trial court judgment quieting title to the mineral rights in the Northeast Quarter of Section 32, Township 28 South, Range 13 West, Willamette Meridian, in defendant Leo J. Cary, Jr., and reforming the property description set forth in the 1922 circuit court judgment, and remand the case to the trial court for entry of judgment quieting title to the mineral rights in that real property in defendants Horne and Pierce.