In re Marriage of William T.
REYNOLDS, Appellant,

v.

Dorothy A. REYNOLDS, Respondent.

No. 45831.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 27, 1984.

David J. Barton, Clayton, for appellant.

Scott R. Kell, St. Louis, for respondent.

RICHARD J. MEHAN, Special Judge.

The parties to this appeal received a decree of dissolution of their twenty-year marriage from the Circuit Court of St. Louis County. There were ten children of that marriage, seven of whom were unemancipated at the time of trial. Custody of those seven children was given to the petitioner-husband William T. Reynolds who brings this appeal of certain parts of the dissolution decree. In this opinion, as a convenience to all, the petitioner-husband-appellant will be referred to as petitioner and the respondent-wife-appellee will be referred to as respondent.

Under the decree petitioner received a one-half interest as a tenant in common of the family home, was ordered to pay the mortgage note according to its terms, and was given the right to occupy the home until all of the children have attained their eighteenth year. Each of the parties is to receive fifty percent (50%) of the net sale price when that asset is sold in the future under the dissolution decree. His right to occupy the home is also to terminate if he remarries or cohabits there with a female. These last contingencies are attacked in this appeal. The petitioner has also appealed from the awards of maintenance of $115.00 per week and attorney's fee of $2,375.00 to be paid to the respondent, Dorothy A. Reynolds. A cross-appeal filed by the respondent has been dismissed by this Court.

The attorney for the petitioner at trial and on appeal was David J. Barton. The

attorney for the respondent at trial and on appeal was Scott Kell.

The following facts, adduced at the trial, are necessary to our consideration of this appeal. After the disposition of the marital home by the trial court, the parties were left with the following assets and liabilities: Petitioner was allowed to keep an $8,000.00 term life insurance policy and $600.00 from a West Virginia savings account. He also was allowed to keep two checking accounts in St. Louis, both with small balances. In addition, the petitioner received a 1975 Plymouth automobile and most of the furnishings in the family home. Petitioner was also given a tenancy in common one-half interest in the marital home, with the right to live in the home until the youngest child reaches the age of eighteen. The petitioner was ordered to make payments on the home mortgage debt of $30,850 and on other debts which totaled $7,626, including $4,000 owed on petitioner's 1980 income tax. He currently earns $48,000 a year. It costs approximately $2,681.70 a month to run the household.

Respondent received a $5,000 savings account and a $200 checking account. In addition, she was given a 1977 Honda automobile, various items of furniture, and a tenancy in common one-half interest in the marital home. Respondent also had set aside to her as her separate property a $23,000 inheritance from her grandmother, and 308 shares of stock given her by her father. Respondent's debts included a $3,326 dental bill. Respondent is in her middle forties and has a sophomore level college education. She successfully completed a medical transcribing course at Forest Park Community College, and has worked part-time, earning a maximum of $4.95 an hour. The respondent's projected salary is approximately $500.00 a month. The respondent's physical health has been affected by rheumatic fever as a child, which left her with a heart murmer and a paroxsymal tachycardia (rapid heartbeat). She has testified that she has had difficulty in obtaining medical coverage, and also fears that her employability may be affected by her physical condition. The respon-

dent will be 55 years of age when the youngest child, born in 1975, is eighteen. She also testified that the price of an apartment of the type she is accustomed to will cost about $400.00 a month. Since leaving the marital home, respondent has been living with several friends, paying whatever she could afford for rent.

Petitioner, prior to the final dissolution of his marriage, went away for a weekend with a girlfriend, to whom he gave several gifts. During the same period, petitioner was unable to keep up with the temporary maintenance payments of $175.00 a week or the original attorney's fees awarded to respondent at the PDL hearing. His salary was garnished to meet these payments. In addition, petitioner has on several occasions borrowed money from his children. On one occasion, his son brought the house payments up to date in order to prevent a foreclosure of the mortgage.

Our review here is governed, of course, by those standards promulgated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We have read the transcript, the briefs and the authorities cited herein by both parties and conclude that the decree of the trial court, except in one specific area is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. The trial court had the task of judging the credibility of the witnesses and assessing the value of the testimony. We defer without hesitation to the trial court's judgment in those areas. We do not interfere in this opinion with those judgments where there is sufficient supporting evidence.

The petitioner only presents three specific claims of error, namely, the trial court erroneously awarded maintenance and an attorney's fees to the respondent and it erroneously conditioned the petitioner's occupation of the family home on his remaining single and his not cohabitating with a female.

The first two claims present substantially the same issues and can be disposed of

by consideration of the same evidence. The petitioner contends that the respondent's income and assets are sufficient to meet her expenses of the dissolution litigation and her financial needs generally, present and future. He further argues that his own financial requirements, especially since he is to be the custodial parent, militate against his capacity to pay any maintenance award or any attorney's fee award.

■ A trial court is vested with substantial discretion in making maintenance and attorney's fee awards and in dividing marital property. *In Re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976). As an appeals court, we should not interfere with the trial court's exercise of its discretion in those areas unless there is an abuse of discretion or an erroneous application of the law. The trial court's awards were properly based in part on the economic positions of the respective parties. *N.J.W. v. W.E.W.*, 584 S.W.2d 148, 152 (Mo.App. 1979). The trial court obviously and reasonably considered the age of the respondent, the substantial disparity in the earning power of the parties and the health problems of the respondent.

■ The petitioner has not questioned the allocation of marital assets by the trial court, nor do we. The allocation of the marital assets was fairly and reasonably proportionate considering the earning power of the parties, the debts assigned to each party, the living costs of each party and the child support costs of the husband. *In Re Marriage of Pehle*, 622 S.W.2d 711, 713 (Mo.App.1981). The decision to give each party fifty percent (50%) of the net sale price appears fair and reasonable under the law and the evidence. *See* Section 452.330, RSMo. 1983 Supplement and *Ortmann v. Ortmann*, 547 S.W.2d 226 (Mo.App.1977). Many factors including inflationary trends make unfair and inequitable a fixed sum payment to the respondent on the future sale of the family home. The parties on such sale should receive a percentage of the net proceeds of the sale after the payment of appropriate charges, mortgage reductions and sale expenses, rather than a fixed sum.

■ We do note that Missouri law does not require that a spouse dispose of her assets or consume her allocated marital property for her living expenses before she would be entitled to maintenance. *In Re Marriage of Arnold*, 632 S.W.2d 28, 29 (Mo.App.1982). With that rule in mind we have an additional reason not to question the maintenance award to the respondent. However, we realize that in our review of the maintenance award the division of the marital property was a factor for our consideration. We believe that the award was within reasonable tolerance of proof as our previous appellate decisions have required. *Horridge v. Horridge*, 618 S.W.2d 202 (Mo. App.1981).

The allowance of an attorney's fee is a matter entrusted to the trial court's discretion. Section 452.355, RSMo. 1983, directs the trial court to consider all relevant factors. A trial court's judgment should not be reversed without this Court finding an abuse of discretion. The petitioner does not maintain on this appeal that the amount of the attorney's fee awarded was excessive. We have no reason to so find. We believe the trial court in this case did consider the circumstances of the parties, the ability of the petitioner to pay the attorney's fee awarded and compared and considered the income, assets and debt involvement of each party. The award here appears to be consistent with the facts in this case and all the other decisions of the trial court affecting the financial conditions of the parties. *Hebron v. Hebron*, 566 S.W.2d 829, 835 (Mo.App.1978).

■ The last claim of trial court error involves the decision of the trial court that the petitioner's remarriage or his cohabitation with a female would deny him the continued use of the family home. We are unable to discern any valid reason for the imposition of such conditions in the dissolution decree. If either event occurs and impacts on the welfare of the children or the need for husband's occupancy of the

home, modification of the decree can be sought at that time.

We order that portion of the decree providing that husband's continued occupancy of the marital home shall terminate upon his cohabiting therein with a female or remarrying be stricken and held for naught. In all other respects the judgment is affirmed.

SMITH, P.J., and GEORGE M. FLANIGAN, Sp.J., concur.