In re the MARRIAGE OF Helen M. FARQUHAR and Clyde L. Farquhar.

Helen M. FARQUHAR, Respondent,

v.

Clyde L. FARQUHAR, Appellant.

No. WD 37249.

Missouri Court of Appeals, Western District.

Sept. 2, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

1. *See Hunt v. Moreland*, 697 S.W.2d 326, 329 (Mo.App.1985).

Dan Adams, Dale, Flynn, Barnes, & Adams, St. Joseph, for appellant.

Zahnd, Dietrich & Ross, Maryville, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Helen M. Farquhar filed suit for dissolution of her marriage with Clyde L. Farquhar. The court entered a decree dissolving the marriage and dividing all of the property except one tract of real estate which was left in the names of both parties as tenants in common. Clyde contends the court should have granted a change of judge and contends the court erred in leaving one tract of real estate vested in the parties as tenants in common. Affirmed in part and reversed in part.

The parties had been married almost 50 years. In addition to personal property they owned three separate tracts of real estate. The court entered judgment dissolving the marriage and divided the personal property and the real estate, except for one tract which the court ordered to be held by the parties as tenants in common.

Clyde first contends that the trial judge erred in failing to sustain Clyde's motion for a change of judge. On April 1, 1985 the case was set to be tried on April 26, 1985. The case was continued to April 29, 1985, and not until April 29 did Clyde file a motion for change of judge. The court denied Clyde's motion.

If Clyde had made a timely motion for a change of judge, under Rule 51.05 he would have been entitled to such a change

without any showing of cause. However, Clyde admits his motion was not timely under Rule 51.05. Therefore, Clyde must show cause for disqualifying the trial judge. *See Swain v. Simon*, 699 S.W.2d 769, 774[8] (Mo.App.1985).

The trial judge should disqualify himself in a case in which he has prior knowledge of disputed evidentiary facts or in which his impartiality might reasonably be questioned. Rule 2, Canon 3(C)(1); *Berry v. Berry*, 654 S.W.2d 155, 158 (Mo.App.1983).

Clyde argues that since the trial judge had presided in certain earlier cases in which he rendered judgments against Clyde, the judge should have disqualified himself. The mere fact that the litigant has previously appeared before the judge in a matter peripherally related to the case at bar does not result in the need for recusal. *See State v. Presley*, 694 S.W.2d 867, 869[1, 3] (Mo.App.1985). Clyde argues that the trial judge's participation in the earlier cases resulted in prejudice in the dissolution proceedings, because the debts adjudicated in the earlier cases were allocated to Clyde in the dissolution and because execution on one of the judgments supposedly interfered with Clyde's attempts to make a living and thereby contribute to the marital property. These arguments do not show that the judge gained knowledge of evidentiary facts in issue in the present case. The existence of the judgments against Clyde is undisputed, and nothing in the record shows that the trial judge had any knowledge of the execution, not to mention any putative effect the execution had on Clyde's ability to contribute to the marital estate. Furthermore, there is absolutely nothing in the record to indicate that the judge's experiences in the earlier cases were such that his impartiality toward Clyde might reasonably be questioned.

Clyde further argues that the trial judge's conduct during the trial showed bias against Clyde. This court has examined the record and finds no evidence of bias. To the contrary, the trial court

showed exemplary patience in dealing with Clyde, who was a difficult witness.

■ Clyde next contends the court erred in making him and his former wife tenants in common of the 80 acre tract. The trial court stated that it was causing the ownership of that tract to be left in the parties in common because farm land prices had declined substantially in the year prior to the date of hearing, the land was not susceptible to division in kind, and the tract was subject to a lease. In *Corder v. Corder*, 546 S.W.2d 798, 805 (Mo.App.1977), this court held that a tenancy in common solution to the division of real estate should be reserved for the unusual situation where the economics involved call for such a solution. This court adheres to *Corder* and holds that except in the most unusual case, a complete division of marital property should be achieved in the dissolution decree. This does not always result in an immediate sale, as evidenced by *In re Marriage of Pine*, 625 S.W.2d 942, 946[7] (Mo. App.1981).

■ The reasons assigned by the trial court are not sufficient to avoid including this tract in a division of the marital property in some manner. The decline in farm land prices cannot avoid the necessity for a division of tract along with the other property, because a division is not prevented by those circumstances, only postponed. No one can predict with accuracy when prices will recover, and to hold that a decline in farm land value could avoid a division of a part of the marital property would be to hold such division in abeyance for an indefinite period. Even if values recover, there would always be the argument that the values had not recovered sufficiently or that, if given more time, values would rise to greater heights. Thus, a failure of division predicated on the standing of land value is too speculative to deny a division of property.

A more compelling reason is the fact that a decree which vests title in the parties as tenants in common immediately subjects the land to a partition suit with an attendant forced sale at the election of either party. In addition such action involves the prosecution of another suit with its attendant time and cost. Thus, the failure to divide the property in favor of leaving the parties as tenants in common does not prevent the sale of the property at a time when land values are depressed.

It is apparent that a tenancy on the land would not prevent a division. Nor does the fact that the land may not be susceptible to division in kind preclude the inclusion of this tract in the overall division of the property.

The judgment is affirmed except for that part which decreed the title to the 80 acre tract to be vested in the parties as tenants in common. As to that portion, the judgment is reversed and this cause is remanded with directions to make disposition of such tract in a manner which does not vest title in both parties. The court is authorized to conduct further hearings to determine the best method to achieve that result.

The costs are divided equally between the parties.

All concur.