James C. HENDERSON, Respondent,

v.

Judith M. HENDERSON, Appellant.

No. WD 39205.

Missouri Court of Appeals,
Western District.

Jan. 5, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 1, 1988.

Moore and Willy, Professional Corp., Joseph H. Moore, Kansas City, for appellant.

Howard C. Hoyt, Quinn, Peebles, Beaird & Cardarella, Kansas City, for respondent.

Before PRITCHARD, GAITAN and COVINGTON, JJ.

COVINGTON, Judge.

James C. Henderson filed suit for dissolution of his marriage with Judith M. Henderson. The court entered a decree dissolving the marriage, awarding custody of the minor child to wife, and dividing all of the property. Wife contends that the court erred in denying maintenance, in leaving the marital real estate vested in the parties as tenants in common, and in requiring sale of the real estate upon her remarriage or cohabitation. Cause reversed and remanded.

The parties were married in June, 1969, and separated in June of 1986. Wife was seventeen years old at the time of the marriage and thirty-four at the time of the dissolution hearing. Husband is a plumber. He operated his own business until separation from wife, after which he became employed by his father, also a plumber. Prior to the birth of the parties' first and only child in 1984, wife maintained the parties' home and served as a bookkeeper in her husband's plumbing business. She enrolled in nursing school in 1979 and graduated as a registered nurse in June of 1982. She thereafter commenced employment and worked three twelve-hour days per week. Two months before the birth of the child, wife transferred to employment on an "as needed" basis because, she alleged, of the death of her father. Though she stated that she had intended to work full-time, she remained employed part-time at the time of trial. Wife devoted much of her evidence at trial to describing problems in finding baby-sitting services to accommodate her transferring from an as-needed basis to either full-time or different part-time nursing in order to increase her income. She alleged that she wanted to stay home with her child and that the cost of child care in comparison with anticipated income from nursing was economically not advantageous. Husband's uncontroverted testimony was that wife could earn a minimum of $25,000 per year; wife's gross income from part-time employment at the time of trial was $740 per month. Husband's net profit

from his business for the 1985 tax year averaged $2,666 per month. Custody of the child was not in dispute.

At the close of all the evidence at trial, the trial court awarded custody of the child to wife with child support of $275 per month. Among orders related to disposition of property, husband was awarded essentially all of the personal property, which was valued at $23,000. Certain provisions were made for the marital residence. The trial court awarded wife $500 per month maintenance through September, 1990. The following day wife filed a motion for reconsideration of property issues. In its decree of dissolution entered approximately four weeks later, the court awarded essentially all of the personal property, other than household goods, to husband and awarded wife $11,500 for division of marital property to be paid in twenty-three payments of $500 each until paid. Intending an equal division of value, and leaving the property in joint ownership, the trial court made orders relating to the real estate. Wife was awarded no maintenance.

Because of the disposition of this appeal, the second assignment of error relating to the marital home is first addressed. Wife alleges error in leaving the marital residence in the joint names of the parties, in not properly allocating expenses upon the sale of the marital real estate, and in requiring that the real estate be sold upon wife's remarriage or cohabitation with a member of the opposite sex.

The decree of dissolution in relevant part provided:

Petitioner and respondent each shall be responsible for one-half of the monthly mortgage payment on said residence, beginning with the payment due for March, 1987. Respondent shall be responsible for normal maintenance on the property. Each party shall bear one-half of the cost of any capital improvements. The marital home shall remain in the possession of respondent until such time as she remarries, cohabitates [sic] with a member of the opposite sex, or until petitioner and respondent jointly agree to sell the property. All proceeds from the sale of the marital home, after deducting the costs of sale, shall be divided equally between the petitioner and respondent.

■ The trial court's order properly recognized the desirability of awarding the family home or the right to live therein for a reasonable period to the spouse having custody of any children. § 452.330.1(3) RSMo 1986. At trial, husband did not contest wife's living in the family home provided he received what he described as "my part of the equity." Husband did not specify a time at which he should receive his part of the equity nor request any specific conditions related thereto. No evidence of real estate market conditions was adduced by either party.

■ Unless there is evidence which necessitates a continuation of a tenancy in common, real estate involved in a dissolution proceeding must be divided at the time of dissolution. *Buthod v. Buthod*, 624 S.W.2d 119, 121 (Mo.App.1981). *In re Marriage of Farquhar*, 719 S.W.2d 456, 458 (Mo.App.1986). Economic reasons for continuing a tenancy in common previously have been based upon evidence in the record which has reflected a substantial decline in real estate values. See *In re Marriage of Farquhar*, supra. Even then, our cases have, on occasion, prohibited the continuation of co-ownership subsequent to the entry of a decree of dissolution. See *In re Marriage of Pine*, 625 S.W.2d 942, 946 (Mo.App.1981). The portion of the trial court's order retaining the property in joint ownership is disapproved.

Wife in this point further complains of the requirement that the real estate be sold upon her remarriage or cohabitation with a member of the opposite sex. Other than in *Reynolds v. Reynolds*, 681 S.W.2d 522, 525 (Mo.App.1984), this particular issue has not been addressed on appeal in Missouri. For reasons, in part, other than those provided in *Reynolds*, that portion of the trial court's decree is also disapproved.

This opinion specifically does not address and does deliberately distinguish situations in which parties voluntarily enter into an agreement with respect to conditions for sale of the marital residence. This opinion

is limited solely to the situation in which the trial court enters an order requiring sale upon remarriage or cohabitation without agreement of the parties.

Of primary importance is the intent of § 452.330.1(3) which recognizes "the desirability of awarding the family home or the right to live therein for a reasonable period to the spouse having custody of any children." The intent of the statute is to provide continuity and stability for children born of the marriage. In weighing the merits of the respective concerns which are basic to this discussion, including the non-custodial spouse's significant interest in realizing his or her share of equity in the marital estate, the purpose of this statute itself must ultimately be determinative. The statute focuses not on the interests of the parents, but, rather, on the interests of any children of the marriage. Marriage should not, in and of itself, force the sale of the residence nor payment of the non-custodial spouse's lien.

Additionally, there should be no requirement that a custodial parent whose first marriage has been dissolved be free to remarry only if that parent sells the family residence or only if the new spouse is able to pay off the former spouse's lien on the real estate. It is improper for a court to condition the sale of the residence or payment of the former spouse's lien automatically on the event of remarriage. *McCormack and McCormack,* 45 Or.App. 1111, 610 P.2d 290, 293 (1980).

If the child's interests are to be given primary consideration, then conditioning sale or payment of the former spouse's lien in the event of cohabitation is also improper. Moreover, cohabitation is not generally such a permanent relationship as marriage. There are sometimes problems of proof of cohabitation when the existence of such a relationship is disputed. This court does not condone cohabitation. In the event that activities of the custodial parent affect the welfare of the child, modification of the decree with respect to the custody may be sought at that time. In the event modification of custody is found to be in the best interests of the child, the marital residence

will then be liquidated, as per the terms of the decree set forth below, upon the transfer of physical custody of the child.

That portion of the trial court's decree requiring sale of the real estate on remarriage or cohabitation is disapproved.

As to the real estate, the judgment is reversed and remanded and the court is directed to enter a new judgment disposing of the real estate which shall include the following provisions: (1) title to the real estate shall vest in wife, subject to liens and conditions contained in the decree; (2) a lien without interest shall be declared on the real estate in favor of husband; (3) wife shall make all payments of principal and interest on the mortgage, taxes, insurance, and shall maintain the property in reasonably good condition; should wife default, husband shall have the right to make such payments; (4) the real estate shall be sold: (a) when the child born of the marriage attains the age of majority, marries or becomes emancipated; or (b) upon wife's and child's ceasing to reside in the house prior to that time; or (c) upon wife's ceasing to have primary physical custody of the child; (5) upon sale of the real estate, there shall be deducted from the sale proceeds: (a) the costs of the sale; (b) the balance due on the mortgage; (c) the total of all sums which wife or husband has paid on the principal and interest on the mortgage, real estate taxes, reasonable expenses of repair and maintenance to the house and homeowner's insurance, which shall be paid to the person making such payments; (6) the balance remaining shall be divided equally between husband and wife.

Wife's other allegation of error is: "The court erred and abused its discretion in denying appellant maintenance." Rule 84.-04(d) requires the point relied on to state wherein and why the court erred and abused its discretion in denying maintenance. Wife's Point Relied On technically violates Rule 84.04(d). Wife's argument on this point, however, is fully developed. Moreover, the disposition of marital real estate directed above necessitates additional evidence of, at a minimum, costs and anticipated costs of maintaining the real

estate, such expense not presently being reflected in the record. Although the decree prevails over the trial court's orders at the conclusion of trial, it seems possible that an element of confusion may have existed with regard to the question of spousal support. The issue of maintenance is therefore remanded with directions to hear evidence concerning: (1) costs of maintaining the residence as such costs may bear upon the question of wife's need for maintenance; and (2) any other evidence relevant to factors set forth in section 452.335 RSMo 1986, keeping in mind that wife should not be required to dispose of her assets or consume her share of the division of property in order to meet her living expenses before she is entitled to maintenance. *Johnson v. Johnson*, 671 S.W.2d 426, 428 (Mo.App.1984).

Judgment is reversed and the cause is remanded with directions to receive such additional evidence and make such additional orders as are required by and as are consistent with this opinion and decision.

All concur.