**Beverley Lorena FELKNER, Appellant,**

v.

**Gail William FELKNER, Respondent.**

No. 45634.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 5, 1983.
Motion for Rehearing and/or Transfer to Supreme Court Denied
May 13, 1983.

Rollings & Gerhardt, Henry Gerhardt, James A. Borchers, St. Charles, for appellant.

Niedner, Moerschel, Ahlheim & Bodeux, Paul F. Niedner and Norman C. Steimel, St. Charles, for respondent.

CRIST, Judge.

This is the second marriage of these parties, that has been dissolved. Appellant's and respondent's (hereafter wife and husband, respectively) first marriage in 1973 was dissolved in 1975. They remarried about a month later after executing an antenuptial agreement (to which we will return), and that second marriage was dissolved in this action.

Two of wife's six points on appeal challenge the $250 per month child support awarded for the parties' college-age son, and the trial court's refusal to award to wife an amount for her attorney's fee. However, we find neither error in those aspects of the decree nor precedential value in discussing them and accordingly affirm the decree to that extent under Rule 84.-16(b).

A third point on appeal reads: THE TRIAL COURT ERRED IN THE DISPOSITION OF PROPERTY, THE AWARD OF MAINTENANCE AND CHILD SUPPORT BECAUSE THE TRIAL COURT FAILED TO FULLY CONSIDER THE FIRST MARRIAGE OF THE PARTIES, IN THAT THE FINANCIAL, SOCIAL AND EMPLOYMENT STATUS OF THE PARTIES HAS BEEN INFLUENCED BY THE TOTALITY OF THEIR RELATIONSHIP. THE MAINTENANCE AWARD IS FURTHER QUESTIONABLE IN THAT THE TRIAL COURT FOUND THE APPELLANT TO BE EMPLOYED, WHEN, IN FACT, THE EVIDENCE SHOWS SHE IS NOT.

The point of the first-quoted sentence—if there is one—is inscrutable, and we decline to pursue it. Rule 84.04(d) requires points relied on to specify the trial court action or ruling to be reviewed and to state wherein

and why the trial court erred. The first-quoted sentence contravenes those requirements, and so presents nothing for appellate review. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978); *Tudor v. Tudor,* 617 S.W.2d 610, 612 (Mo.App.1981). The same is true of the second-quoted sentence, though we gratuitously reviewed the record to appraise the propriety of the maintenance award. There is substantial evidence supporting both the trial court's conclusion that wife "is capable, after a period of training and adjustment, of supporting herself," and the award to her of $750 per month for two years. The maintenance award is affirmed.

Wife's principal points on appeal question the property division, particularly the setting aside to husband as his separate property the marital residence, the proceeds from the sale of his business and the land on which it was located, and the income to husband from a so-called consulting agreement between him and the purchaser of the business.

When the parties' first marriage was dissolved in 1975, their court-approved separation agreement awarded to husband as his separate property the residence awarded to him here as well as all stock in the corporation under which husband's business was organized. Prior to their marriage, the parties executed an Antenuptial Agreement which provided, in part:

> [A]ll properties of any kind or nature, real, personal or mixed, whenever the same may be found, which belong to each party, shall be and forever remain the personal estate of said party, including all interest, rents and profits which may accrue therefrom, and shall not be considered marital property.

Husband kept the marital residence titled in his name after the marriage. He also kept in his name the corporate stock and title to the land where his business was situated. Husband sold the stock and land during the second marriage partly for cash, much of which he reinvested in certificates of deposit, and partly in exchange for the "consulting agreement" mentioned earlier under which husband is paid a monthly sum for a period of five years. (Wife claims the consulting agreement is an employment contract and hence marital property, but the trial court found it was merely a device for paying to husband part of stock's sale price. The trial court's finding is amply supported by evidence of the details of the business' sale, which precludes wife's claim in this court.) The residence and the proceeds in whatever form from the sale of husband's business and land remained husband's separate property, for § 452.330.2(2) & (4), RSMo. 1978 provides:

> For purposes of [the dissolution of marriage act] 'marital property' means all property acquired by either spouse subsequent to the marriage *except*:
>
> *     *     *     *     *     *
>
> (2) Property acquired in exchange for property acquired prior to the marriage ... [and]
>
> *     *     *     *     *     *
>
> (4) Property excluded by valid agreement of the parties; .... [emphasis added]

Therefore, the rule for disposing of that property on dissolution of the parties' second marriage is stated in *Conrad v. Bowers,* 533 S.W.2d 614, 624 (Mo.App.1975):

> [A]ll property of one of the spouses acquired prior to the marriage which remains titled in such spouse after the marriage is, in the absence of some clear intention to contribute that property to the marital property of the parties or to the other spouse, the separate property of that spouse and is not to be regarded as marital property but on dissolution is to be 'set apart to each spouse' as his or her property....

██ Wife's claim to a share of the property set apart to husband stems from an incident early in 1978 when, after wife's continued complaining about the antenuptial agreement, husband tore up his copy of the agreement and burned the pieces in the fireplace. She first contends husband's act of destroying his copy of the document rescinded the agreement. But even wife's

testimony shows the lack of mutual agreement required to rescind or cancel a partially executed bilateral contract. See: *In re Estate of Reed,* 414 S.W.2d 283, 287 (Mo. 1967). And whether the agreement was rescinded is immaterial in any event. All property wife seeks to divide was either acquired by husband prior to the second marriage or acquired in exchange for such property, and would be husband's separate property under § 452.330.2, RSMo.1978 even if the antenuptial agreement were nullified.

■ Wife also claims, in effect, that husband's destruction of his copy of the antenuptial agreement manifested his "clear intention to contribute [his] property to the marital property of the parties," *Conrad v. Bowers, supra.* It is enough to say that husband disavowed any such intention and the trial court found the evidence insufficient to prove such an intention. We concur in the trial court's assessment of the evidence.

■ Wife's remaining point on appeal is that the trial court erred by failing to restore her maiden name to her. Wife requested in her petition that her maiden name of Beverley Lorena Merrick be restored to her, and no reason appears why her request should not be granted.

We modify the judgment and decree by restoring to wife her maiden name of Beverley Lorena Merrick. As so modified, the judgment and decree is affirmed.

Affirmed as modified.

CRANDALL, P.J., and REINHARD, J., concur.