Marjorie J. STEINMEYER, Appellant,

v.

Erich R. STEINMEYER, Respondent.

No. 46866.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 10, 1984.

Edward Delworth, Overland, for appellant.

Justin C. Cordonnier, St. Louis, for respondent.

FRED E. SCHOENLAUB, Special Judge.

Marjorie J. Steinmeyer appeals from the maintenance and property distribution portions of the decree dissolving her marriage to Erich R. Steinmeyer. She contends the trial court erred in the amount of maintenance awarded and in ordering it to terminate in three years. She also alleges that the court erred in its distribution of the

parties' marital property in that her need for cash funds was not considered. Both parties agree that the court failed to distribute two insurance policies. In this review the court finds that the trial court also failed to distribute a $1,000 certificate of deposit.

Review of this case is governed by Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Accordingly, the decree of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* supra, l.c. 32; *Whitenton v. Whitenton,* 659 S.W.2d 542, 546 (Mo.App.1983).

Appellant's first allegation of error concerns the trial court ordering the maintenance award to terminate in three years, alleging that there was no evidence of any circumstance that would change her needs in three years. In *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 800 (Mo. banc 1983), the Missouri Supreme Court noted that Sec. 452.335, RSMo 1978, grants to the trial court wide latitude in decreeing spousal maintenance, and after giving due consideration to all of the factors which the statute enumerates, the court must undertake not only to set the amount payable but determine for what period the payments shall be made. The court further held that the statute plainly indicates that dependency of a spouse is not presumed but rather a spouse seeking maintenance is, in proper cases, to be encouraged and aided in becoming self-sufficient by education or training. The statute gives the trial court considerable discretion as to the amounts and the duration of maintenance payments, *Pederson v. Pederson,* 599 S.W.2d 51, 53 (Mo.App.1980); *In re Marriage of Powers,* 527 S.W.2d 949, 954 (Mo.App.1975), and the burden is upon the appellant to demonstrate an abuse of that discretion. *Bull v. Bull,* 634 S.W.2d 228, 229 (Mo.App.1982). Appellant has failed to show such an abuse of discretion.

Although this court has held that a maintenance award of limited duration should not be based upon speculation, *In re Marriage of Powers,* supra, l.c. 955, we have also held that this does not mean that a husband must wait to request modification until it is a certainty that his wife will be self-sufficient. *Sansone v. Sansone,* 615 S.W.2d 670, 671 (Mo.App.1981), approving a maintenance award for one year as reasonable so that "the wife could adjust to a new pattern of life and obtain employment." The court noted there that the evidence supported the conclusion that there was some reasonable expectation that within a year the wife who was a real estate appraiser, would have employment if she sought it. In *Royal v. Royal,* 617 S.W.2d 615, 619 (Mo.App.1981), it was held that the statutory factors are to be tempered by a policy of encouraging the self-sufficiency of the parties following separation. In *Felkner v. Felkner,* 652 S.W.2d 174, 176 (Mo.App.1983), this court affirmed a finding by the trial court that wife would be capable "after a period of training and adjustment" of supporting herself, and in *Doerflinger v. Doerflinger,* supra l.c. 801, the Supreme Court held that a maintenance in gross award, whether a lump-sum payment or periodic payments for a limited period, constitutes a rejection by the trial court of a "necessity of the dependent spouse for indefinite continuation of support and has decreed instead the payment of limited sum during a period of readjustment."

The facts in this case differ from those in *Turner v. Turner,* 650 S.W.2d 662, 664 (Mo.App.1983), cited by appellant, where a two-year restriction was reversed, there being no evidence to justify the court's finding that appellant would become self-supporting within two years where, although motivated, due to arthritis it was questionable that she would be able to support herself even after completing her education; or *Royal v. Royal,* supra, in which the trial court order was modified to provide for continuing jurisdiction over the maintenance issue in a case where appellant was suffering from physical and emotional diffi-

culties; or *Vogt v. Ketzner*, 634 S.W.2d 583 (Mo.App.1982), in which a five-year restriction was disapproved where the wife suffered from psychological problems.

Here appellant is 40 years old, has no health problems which impair her working ability, sought and obtained employment as a floral designer two years before the separation and is still so employed. She grosses $160 per week from her employment. Although she testified that her net pay was only $94 per week, a simple calculation will show it to be at least $130, or $563 per month. In addition she was granted support for the parties' 13 year old daughter in the amount of $230 per month, bringing her total monthly income to $793. Her expense statement showed average monthly expenses of $1,242.37. There were also some discrepencies there. The evidence would have supported a finding by the trial judge that appellant was able, without any assistance from respondent, to supply her own needs. The court did not, however, make such a finding, but instead granted appellant maintenance in the sum of $400 per month for three years. She cannot now complain that the trial judge granted her only three years to adjust to her new life.

Appellant also attacks the amount of the maintenance award on the ground that it does not cover all of her expenses. Section 452.335 provides that the maintenance award shall be just. The section does not require the court to award maintenance adequate to meet all of the needs of the spouse even if the maintaining spouse has sufficient resources to provide such support. *Raines v. Raines*, 583 S.W.2d 564, 567 (Mo.App.1979), holding further that the court is to look to the circumstances of the parties and the marriage to determine what may "justly" be required of the maintaining spouse. As stated above, the facts of this case would have supported an order by the trial judge denying maintenance altogether. The maintenance order is affirmed as to both the amount and duration.

Appellant also attacks the trial court's distribution of marital property, alleging that the court did not consider her need for cash funds. In our review we proceed on the presumption that the trial court considered all of the evidence, including appellant's needs, here as in its award of maintenance. Section 452.330, RSMo 1978, requires a fair and equitable distribution of marital property. It does not require that each party get what he or she wanted. The trial court's order must be affirmed unless there is no substantial evidence to support it or it is against the weight of the evidence. *Pederson v. Pederson*, supra, 1.c. 54. Considering the evidence before the trial court, the unavailability to respondent of much of the property distributed to him, the value of the family home distributed to appellant, and the value of the personal items distributed to the parties it cannot be said that there was no substantial evidence to support the judgment or that the judgment was against the weight of the evidence. Rather the distribution made by the trial court was nearly equal.

Both parties agree that the court failed to distribute two insurance policies, and in this review the court finds that the trial court also failed to distribute a $1,000 certificate of deposit. Rule 84.14 permits the appellate court to award or give judgment as the court ought to have given in this situation. *Alvino v. Alvino*, 659 S.W.2d 266, 272 (Mo.App.1983), noting that the rendition or modification of a judgment by the appellate court is favorable where no further factual adjudication is necessary. The evidence established that the insurance policy on respondent's life had a value of $2,600 and the policy on appellant's life, $636. The order distributing marital property is modified to provide that the insurance policy on respondent's life shall go to him and that the policy on appellant's life and the $1,000 certificate of deposit shall go to her. In order to balance the distribution respondent is ordered to pay appellant an additional $500.

As modified the judgment is affirmed.

KAROHL, P.J., and A.J. SEIER, Special Judge, concur.