**Dorothy J. ARNOLD,
Petitioner–Respondent,**

v.

**Wilbur C. ARNOLD,
Respondent–Appellant.**

**No. WD 40567.**

Missouri Court of Appeals,
Western District.

June 6, 1989.

David B. Sexton, Jane Pansing Brown (argued), Kansas City, for respondent-appellant.

Charles B. Fitzgerald, Warrensburg, for petitioner-respondent.

Before NUGENT, P.J., and CLARK and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Wilbur Arnold appeals from the decree dissolving his marriage to Dorothy Arnold and awarding Mrs. Arnold $400 monthly maintenance. He agrees with the finding that the marriage is irretrievably broken and with the distribution of the marital assets, but argues that the court abused its discretion in awarding maintenance to Mrs. Arnold. He asks the court to reverse the order granting maintenance or, in the alternative, to reduce the amount of the award. We order the award modified but otherwise affirm the trial court's judgment.

The Arnolds married in 1976. Mr. Arnold was seventy-nine years old at the time

of the hearing; Mrs. Arnold was seventy-four. She worked full-time at a Wal–Mart store in Holden, Missouri, before they married. She then quit to move to Mr. Arnold's farm in Kansas. Before the move she sold her house and other property in Holden. From the proceeds of that sale and her savings, Mrs. Arnold brought approximately $12,000 to the marriage. Mr. Arnold owned the farm in Kansas, some cattle, and all of the equipment debt free.

The couple lived on the farm for seven years. Although both worked on the farm, they hired workers to perform most of the hard labor. In 1983, they sold the farm for $204,000. They also sold all of the farming equipment and cattle. They paid $58,000 cash for a house in Johnson County, Missouri, and later purchased a 1984 Chevrolet for $11,200.

At the time of the hearing the couple valued the house at $50,000, its furnishings at $1,000 and the car at $8,000. The balance of their assets consisted primarily of a $100,000 treasury bill, certificates of deposit and bank accounts totaling approximately $265,000, and a $14,000 promissory note from Mr. Arnold's son. The Arnolds had also incurred a tax liability of approximately $47,000.

Mrs. Arnold has undergone surgery on her wrists, which still cause her pain. She receives a monthly social security check for $289. Her monthly expenses amounted to around $300 to $330 per month. Mr. Arnold receives $484 per month from social security. He lives with his son and pays $250 per month rent. Both parties testified to their practice of taking $100 each in monthly spending money from their social security checks.

The court awarded Mrs. Arnold the house in Holden, with its furnishings, the Chevrolet, and $60,000 in cash. Mr. Arnold received the remainder of the assets. The court also ordered him to pay the $47,000 tax liability, which reduced his total distribution to approximately $270,000. Finally, the court ordered Mr. Arnold to pay Mrs. Arnold's $1,500 attorney fee and to pay her $400 monthly maintenance. He appeals only from the maintenance award, arguing that the court abused its discretion in awarding maintenance under the circumstances of this case.

Mr. Arnold cites the appropriate standard of review. In this court tried case we will reverse the judgment of the trial court only if the court misstates or misapplies the law; if no substantial evidence supports the judgment; or if it is against the weight of the evidence. *Weiss v. Weiss,* 702 S.W.2d 948, 950 (Mo.App. 1986). The party challenging a maintenance award must prove that the trial court abused its discretion. *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65, 67 (Mo.App. 1984).

Section 452.335 [1] governs the court's decision to award maintenance. The court must make a threshold finding that the party seeking maintenance lacks sufficient property, including her share of the marital property, to provide for her reasonable needs and is unable to support herself through appropriate employment. § 452.335.1(1) and (2); *see also Brueggemann v. Brueggemann,* 551 S.W.2d 853, 856 (Mo.1977) (en banc). After the court has made that finding, it must consider the following factors to determine the just amount of the maintenance award:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, and the physical and emotional condition of the spouse seeking maintenance;

---

1. All sectional references are to Revised Statutes of Missouri, 1986.

(6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(7) The conduct of a party seeking maintenance during the marriage.

§ 452.335.2.

Mrs. Arnold's financial resources include her $289 monthly social security check, a house and a 1984 automobile, both of which are debt free, and $60,000 cash. Of course, neither the house nor the automobile will produce income. Neither party presented any evidence on the amount of the income that the cash award would provide. Mrs. Arnold need not dissipate that cash, however, before she is entitled to maintenance. *See Whitmore v. Whitmore*, 732 S.W.2d 572, 574 (Mo.App.1987) (spouse is not required to dispose of marital assets before seeking maintenance).

The only evidence of Mrs. Arnold's reasonable needs show that her expenses for utilities, taxes, food and travel amounted to $300 to $330 per month. Testimony at trial also indicated that both she and Mr. Arnold were accustomed to having $100 monthly spending money. The only evidence available from this record, then, reveals that Mrs. Arnold's financial needs amount to no more than $430 per month. Her $289 social security check falls about $140 short of meeting those needs. We can also assume that at seventy-four years of age Mrs. Arnold will probably not return to work. The evidence supports the threshold finding that she is entitled to some level of maintenance payment.

The evidence, however, does not support a $400 monthly maintenance award. Considering the award in light of the factors listed above, Mrs. Arnold's financial resources fall about $140 short of meeting her needs. The above evidence of her needs apparently reflects the standard of living she enjoyed during the Arnolds' twelve year marriage. Her receipt of the marital home will help her enjoy that standard of living. As we mentioned above, her age precludes any real probability that she should seek employment. Nothing in the record indicated any misconduct on her part.

The sixth statutory factor provides the grounds for our decision to modify the maintenance award. Section 452.335.2(6) requires the court to consider the financial ability of the maintaining spouse to meet his own needs as well as the maintenance obligation. Here again, the record does not reveal the income producing capacity of the property that Mr. Arnold received. He receives a $484 monthly social security check. The only testimony concerning his financial needs showed that he paid $250 monthly rent to his son. To that we may add the same $100 monthly allowance that Mrs. Arnold also receives. An additional $400 maintenance payment would bring his total expenses to $750, exceeding his social security income by $266.

Conversely, the $400 maintenance payment plus her $289 social security payment would exceed Mrs. Arnold's $430 in monthly expenses by $259. Accordingly, we find that the trial court abused its discretion by ordering a maintenance payment that exceeds the maintained spouse's reasonable needs when that award also exceeds the maintaining spouse's ability to pay. A monthly payment of $140 would meet the reasonable needs of Mrs. Arnold while remaining within the limits of Mr. Arnold's ability to pay. We will, therefore, enter the award that the trial court should have entered, and reduce the monthly maintenance award from $400 to $140. *See* Rule 84.14; *Steinmeyer v. Steinmeyer, supra,* 669 S.W.2d at 68 (providing that the reviewing court may enter the judgment that the trial court should have entered); *Weiss v. Weiss, supra,* (reducing maintenance award from $1,200 to $350 when the court found that the higher award exceeded the wife's reasonable needs).

Accordingly, we affirm the judgment of the trial court as modified.

All concur.