Ruth Ann BIXLER,
Petitioner/Appellant,

v.

Alan Edward BIXLER, Respondent.

No. 58035.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 28, 1991.

R. Ray Robinson, St. Louis, for petitioner/appellant.

Joel D. Brett, St. Charles, for respondent.

AHRENS, Judge.

Wife appeals from a decree dissolving the parties' marriage. She challenges the amount and duration of the maintenance award, the division of marital property, the condition on wife's continued occupancy of the marital home, and the failure to award wife attorney's fees. We affirm in part and strike in part.

Husband and wife were married on September 9, 1967, and were separated on October 10, 1989. There were two children born of the marriage: Heather Lynn and Aaron Alan, ages 17 and 14, respectively, at the time of trial. Both children were living with wife at the time of dissolution, but the daughter, a high school senior at the time of trial, planned to attend an out-of-town college upon graduation.

The trial court granted wife custody of both children, ordered husband to pay wife child support in the amount of $455.50 per month per child, and ordered husband to maintain health insurance on the minor children through his employment. The court further required each party to pay half the children's medical expenses not covered by husband's insurance.

The record reflects that husband at the time of trial was employed at Southwestern Bell Telephone as an area manager in engineering design. Husband's after tax monthly income is $3,270.54, exclusive of an annual "team award" amounting to nearly $2,700.00 in 1989. Husband testified that he did not know whether he would

receive the award in 1990. Husband's estimated expenses average $2,300.00 per month, not including monthly maintenance and child support payments totalling $1,511.00. Husband admitted to having had an extramarital affair with a coworker between Christmas Eve and New Year's Eve, 1989.

Wife is a 1968 college graduate holding a current teaching certificate. Wife worked full time for four years after graduation; she has not held a full-time position since that time, but taught as a substitute teacher for approximately two years prior to trial, earning $53.00 per day. Wife also taught an adult community education class through the St. Charles school district for two years. Wife substitute taught three days in September of 1989 and one day in October, 1989, and testified that she was called to teach three other times, but had not accepted because the children were sick or she had an appointment for therapy. Husband testified that wife was called to teach two to three times per week, but that she only accepted two to three times per month.

Although wife had not sought a full-time teaching position in the two years prior to trial, she claims she has no prospects for finding employment, she is not employable because she has not upgraded her education, and there are not many openings for teaching positions. Husband testified that wife and he had discussed wife's seeking full-time employment, but wife did not want to work. Wife has no disabling medical problems that might limit her ability to engage in or continue employment. Husband had at one point apprised wife of an opening at Southwestern Bell for the position of telephone operator; wife testified she did not apply for the position because she was not physically or mentally capable of handling it.

The trial court ordered husband to pay wife $600.00 per month as non-modifiable rehabilitative maintenance, lasting for eighteen months and ending in August, 1991; the court found wife capable of becoming self-supporting on or before the termination of the maintenance payment. Wife listed her net monthly income as zero and her average monthly expenses as approximately $2,700.00. The record indicates that a starting salary for a teacher in St. Charles is approximately $18,000.00 to $20,200.00.

The parties' primary marital asset was the marital home, valued by wife at $156,470.00 to $170,000.00 and by husband at $195,000.00, and subject to a mortgage debt of approximately $69,000.00. The trial court ordered the home conveyed to wife, subject to a lien in favor of husband to secure payment of his equity. Wife was awarded possession of the home until the parties' son reaches the age of eighteen or upon the graduation of his high school class, whichever later occurs, or until the home is no longer used as a residence of wife and at least one of the minor children, or upon wife's remarriage or cohabitation with another adult, whichever occurs first. Wife was awarded the contents of the home, except for several items of furniture and husband's sporting equipment, tools, and personal goods. Wife is responsible for the mortgage payments and the cost of all repair, upkeep, and general maintenance during the period of her possession. The parties are to equally divide the proceeds from the sale of the home, after deducting the costs of the sale, paying the outstanding mortgage balance, and returning to wife any principal she paid from the date the trial court entered its decree.

Further, the trial court awarded wife fifty percent of husband's pension benefits, 401(k) Plan, Employee's Stock Ownership Plan, and Individual Retirement Account. She was also awarded fifty percent of the parties' stock holdings. Two of the parties' four automobiles went to wife; one of the remaining was awarded to husband, and the last was ordered sold and the proceeds equally divided between the parties. Lastly, the trial court awarded wife the children's bank accounts as trustee for the children, fifty percent of the parties' $3,000.00 Certificate of Deposit, and two checking accounts totalling $448.00. Husband received fifty percent of the CD and a checking account containing $739.00. The

trial court awarded no attorney's fees to either party.

■ Our review of this case is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). We will sustain the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32. Further, we view the evidence as favorable to the decree, disregarding contrary evidence and deferring to the trial court even if the evidence could support a different conclusion. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983).

■ In her first point, wife contests the trial court's termination of maintenance after eighteen months, alleging that no evidence supports the court's finding that wife could become self-supporting prior to termination of the payments. As long as any rational basis supports the trial court's determination of future self-sufficiency, its order of limited duration maintenance should be affirmed. *Newman v. Newman*, 717 S.W.2d 568, 570 (Mo.App.1986). Further, the spouse seeking maintenance has an affirmative duty to seek employment, and an award of limited duration is proper if there is at least a reasonable expectation of an impending change in the parties' financial condition, rather than mere speculation as to such a change. *In re Marriage of Goodding*, 677 S.W.2d 332, 337 (Mo.App. 1984) (*citing Royal v. Royal*, 617 S.W.2d 615, 619 (Mo.App.1981)). Husband is not required to wait to request modification until it is a certainty that wife will be self-sufficient. *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 67 (Mo.App.1984).

■ The evidence supports the trial court's finding that wife is capable of self-support. This case is distinguishable from *Goodding*, upon which wife heavily relies. In *Goodding*, wife appealed from a decree dissolving the parties' near twenty-year marriage, alleging abuse of discretion in the trial court's award of $200.00 monthly maintenance limited to a period of one year. *Goodding*, 677 S.W.2d at 333–334, 336. Wife was certified to teach, but her only work experience outside the home prior to the parties' separation was sporadic work at the beginning of the marriage at nonprofessional, nonlucrative jobs lasting an average of six months each. *Id.* at 337. Wife had not worked outside the home for the last eleven years of marriage and had been unsuccessful in her attempt to locate full-time teaching work after the couple's separation. *Id.* at 334. Wife had custody of all three of the parties' young children, and at the time of separation had undergone major surgery and was experiencing health problems. *Id.* Further, none of the marital property allocated to her was income-producing. *Id.* at 337.

Wife in the present case is also a college graduate holding a current teaching certificate. However, she held a full-time teaching position for four years upon graduation and taught as a substitute teacher, albeit sporadically, during the two years prior to trial. She also taught an adult community education class for two years. Wife asserts that she is unemployable and that there are few current openings for teaching positions, but she fails to present any evidence to support the allegations beyond her belief that she would have difficulty securing employment were she to attempt a job search. Wife made no attempt to locate full-time work in the two years prior to trial. Further, the parties' children are not of the age that would necessitate wife's remaining at home to care for them on a full-time basis, nor does wife suffer from any debilitating medical condition that would prevent her from working outside the home. Wife has failed to prove the trial court abused its discretion in finding a reasonable probability that within one and one-half years wife could secure employment if she sought it. The evidence sufficiently establishes a rational basis to support the court's determination of self-sufficiency. Point denied.

■ Wife in her second point challenges the amount of the maintenance award, arguing that it is insufficient to meet her reasonable needs. An award of maintenance is governed by § 452.335, RSMo (Supp.1990). The trial court in de-

termining the award's amount is to balance the reasonable needs of the spouse seeking maintenance with the other's ability to pay. *Giordano v. Giordano*, 772 S.W.2d 407, 408 (Mo.App.1989). The statute requires that the award be just, but does not require the court to award maintenance adequate to meet all of the needs of the spouse seeking the award even if the other spouse has sufficient resources to provide such support. *Steinmeyer*, 669 S.W.2d at 68. Further, one spouse's ability to pay does not justify an otherwise excessive and unwarranted maintenance award. *Weiss v. Weiss*, 702 S.W.2d 948, 956 (Mo.App.1986).

We find no abuse of discretion in the trial court's award. After deduction of child support and maintenance, husband's monthly income is $1,759.54. Wife's monthly award is $1,511.00. The monthly disparity of roughly $250.00 is not of great significance given wife's award of income-generating property and the evidence indicating wife is capable of increasing her income. Wife suggests that the maintenance award will not permit her to maintain her former standard of living. We disagree and note that previous standard of living is only a factor in determining maintenance; it is not the same as reasonable needs. *Newman*, 717 S.W.2d at 570. Wife has failed to show the trial court abused its discretion in its award of $600.00 in monthly maintenance. Her second point is denied.

Wife next contests the trial court's division of marital property. In contending the division is inequitable, wife in much of her argument restates her claims of error with respect to the maintenance award. We recognize that the marital property awarded bears upon the amount of maintenance to be awarded. *In re Marriage of Runez*, 666 S.W.2d 430, 432 (Mo.App.1983). However, we have already rejected wife's claims of error regarding maintenance and will not address them again at this juncture. Husband objects to the form of wife's point concerning marital property, alleging that it fails to comport with the requirement of Rule 84.04(d) that the point state wherein and why the trial court's ruling is claimed to be erroneous. Although wife's point may not epitomize the proper form, we find it sufficiently specific for consideration.

The division of marital property in accordance with § 452.330 RSMo (Supp. 1990) is discretionary with the trial court, and we must defer to the court's judgment unless it is an abuse of discretion or improper according to our standard of review. *Balven v. Balven*, 734 S.W.2d 909, 912 (Mo.App.1987). Further, we presume the correctness of the order prescribing the division, and on appeal the party challenging the division has the burden of overcoming the presumption. *Russo v. Russo*, 760 S.W.2d 621, 625 (Mo.App.1988).

Wife relies heavily on cases holding that a gross and permanent disparity between the parties' capacity to work and earn is a sound reason for an award of maintenance or a disproportionate award of income-producing property so as to accommodate the needs of the parties. *In re Marriage of Reed*, 762 S.W.2d 78, 85 (Mo.App.1988); *In re Marriage of Jadwin*, 671 S.W.2d 9, 10 (Mo.App.1984). We do not disagree with this statement, but note that any disparity is merely one of many factors to be considered by the trial court in making its determinations; a disparity does not *require* a court to award maintenance or a disproportionate share of marital property. We presume the trial court considered all of the evidence, including appellant's needs, in dividing the marital property. *Steinmeyer*, 669 S.W.2d at 68. Section 452.330 requires that the division be fair and equitable, but does not require that each party get what he or she wanted. *Id.* We will only interfere with the division if it is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981). We find no undue weight favoring husband in the present case. The trial court awarded wife possession of the marital home, which was the primary asset of the marriage, and fifty percent of the proceeds from its sale. She was also awarded substantially all of the furniture and household goods, two of the

parties' four automobiles, checking accounts totalling $448.00, and fifty percent of the parties' intangible assets, including income-producing holdings. We cannot say that the trial court's division so heavily and unduly favored husband as to amount to an abuse of discretion. Wife's third point is denied.

■■■ In her fourth point, wife alleges the trial court failed to consider husband's marital misconduct in allocating maintenance, marital property, and attorney's fees. We presume the trial court considered all of the evidence in making its determinations. *Russo*, 760 S.W.2d at 625; *Steinmeyer*, 669 S.W.2d at 68. In the present case, husband's infidelity occurred between Christmas Eve and New Year's Eve, 1989, well after the parties had filed their pleadings requesting that the trial court dissolve their marriage. There is no evidence that husband's conduct placed an extra burden on the marriage or caused the breakdown of the marital relationship. *See Balven*, 734 S.W.2d at 913; *Divine v. Divine*, 752 S.W.2d 76, 78–79 (Mo.App.1988). We find no abuse of discretion, and wife's fourth point is denied.

■■■ Wife in her fifth and sixth points claims error in the court's decisions respecting the marital home. First, wife claims there was no valid reason for the court's conditioning her continued occupancy of the marital home on her remarriage or cohabitation with another adult. We agree. In listing the parties' economic circumstances as a factor to consider, the statute governing the disposition of marital property upon dissolution specifically notes the desirability of awarding the family home or the right to live therein to the spouse having custody of the children. § 452.330.1(1), RSMo (Supp.1990). Because the statute's intent is to provide the children continuity and stability, it is improper for a court to force an automatic sale of the marital home in every case upon remarriage or cohabitation. *Henderson v. Henderson*, 746 S.W.2d 99, 101 (Mo.App. 1988). This court does not condone cohabitation. However, if a custodial parent's cohabitation or remarriage affects the children's welfare, modification of the decree's custody order may be sought at that time. *Id.; Reynolds v. Reynolds*, 681 S.W.2d 522, 525–526 (Mo.App.1984). Husband contends the condition is justified by the ages of the children, the equity in the home, and the length of ownership. In promoting continuity and stability for children born of a marriage later dissolved, we decline in this case to draw distinctions based on those factors. We order stricken that portion of the decree conditioning wife's continued occupancy of the marital home upon her remarriage or cohabitation in the home with another adult.

■■■ Wife in her sixth point claims error in the court's failure to credit her for certain payments before allocating proceeds from the home's sale. The trial court ordered wife to make the mortgage payments and pay the cost of all repair, upkeep, and general maintenance during the period she possesses the home. The court further ordered the proceeds from the sale of the home equally divided between the parties after deduction of the sales costs, payment of the outstanding mortgage balance, and credit to wife for any principal she paid from the date the court entered its decree.

Wife claims error in the trial court's failure to credit her upon sale of the home and division of proceeds for the payments of interest, taxes, repairs, and maintenance that she will make during her period of occupancy. In support of her claim, wife cites only the case of *Hagar v. Hagar*, 722 S.W.2d 358, 361 (Mo.App.1987). In *Hagar*, the Western District of this court directed the trial court to credit wife with payments for taxes, insurance, repairs, and maintenance in order to effectuate the court's intent to divide the residence equally. *Id.* at 360–61. In the case before us, however, the record fails to indicate the trial court intended an equal division. Further, our research reveals no case requiring as a matter of law the credit wife now seeks. Rather, each allocation is based upon the particular circumstances of the case under consideration. Under the facts now before us, we do not find the trial court's disposition of the marital home so heavily and

unduly weighted in favor of husband as to amount to an abuse of discretion. *Metts,* 625 S.W.2d at 899; *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984). Point denied.

■ In her final point, wife alleges the trial court abused its discretion in failing to award her attorney's fees. We note that the trial court has considerable discretion in making this determination and must base its decision upon a consideration of all relevant factors, including the parties' financial resources and conduct during the marriage. *Klenke v. Klenke,* 742 S.W.2d 621, 625 (Mo.App.1987).

■ The trial court awarded wife very nearly fifty percent of the parties' income-producing property. The court also found wife capable of self-support and ordered husband to pay nearly fifty percent of his disposable income to wife in the form of child support and rehabilitative maintenance. There is no evidence in the record that the court failed to consider husband's misconduct. Further, wife's attorney's fees are not so high that payment will leave her with a disproportionate share of marital property. *See Weiss,* 702 S.W.2d at 958. Considering these factors, we find no abuse of discretion in the trial court's failure to award attorney's fees to either party. Wife's final point is denied.

We order stricken that portion of the trial court's decree conditioning wife's continued occupancy of the marital home upon her remarriage or cohabitation with another adult. In all other respects, the judgment is affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.