Elizabeth HOLLAND, Appellant,

v.

Robert J. HOLLAND, Respondent.

No. 18505.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 24, 1993.

---

Manuel Drumm, Drumm, Winchester & Gleason, Sikeston, for appellant.

James R. Robison, Sikeston, for respondent.

PARRISH, Chief Judge.

Elizabeth Holland (wife) appeals the amount of maintenance and the property division in an action for dissolution of marriage brought by Robert J. Holland (husband). This court affirms.

Wife was awarded maintenance in the amount of $950.00 per month. In the property division, she received real estate valued at $12,000.00 (the "Acorn Ridge property"); household goods and possessions; any bank accounts or deposits she had "in her sole name"; clothing and personal effects; a 1987 Mercury automobile, subject to indebtedness secured by it; and the right to reside in the dwelling house that had been the family residence, rent free.

The dwelling house was situate on "the Holland farm" that was awarded to husband. The right to reside in the dwelling house was "for so long as [wife] elects to continue to residing [sic] there, so long as [the property] is owned by [husband]." The trial court further ordered, "If [husband] makes a voluntary conveyance ..., as opposed to a foreclosure, the conveyance shall be subject to the [wife's] rights of residence in the dwelling house." Wife was ordered to hold husband harmless against the debt that was secured by the 1987 Mercury automobile.

Husband was awarded the Holland farm that the trial court found to be of "a value of approximately $156,000.00." The Holland farm was encumbered by a deed of trust that secured a debt in the amount of $700,000.00 owed by both parties to Farmers Home Administration. Husband was also awarded a tract of real estate known as the "Sandy's Cafe property" that was subject to deeds of trust that secured debts of approximately $34,000.00. The debts were owed by both parties. The trial court found that the value of the Sandy's Cafe property was "substantially the same as the combined amount of the debts secured by it."

Other marital property awarded to husband included farm machinery and equipment; a 1990 Ford pickup truck encumbered by a $15,000.00 debt; various other trucks used in a farming operation and chicken litter business that husband operated; a john boat, motor and trailer; "600 bushels of seed wheat valued at $3.50 per bushel; 8,000 bushels of corn valued at $2.90 per bushel; 30 large bales of hay valued at $15.00 per bale; 2,000 bales of straw valued at $1.50 per bale; 4,000 ton[s] of chicken litter in stockpiles; approximately 55 head of brood cows, 2 bulls and an undetermined number of calves, all of which cattle [were] valued at approximately $45,000.00." He was awarded a "contract for chicken litter with Hudson Foods" that represented a business husband operated.

In addition to the debts secured by the tracts of real estate, and the debts secured by the 1987 Mercury automobile and the 1990 Ford pickup truck, the trial court found the parties had other marital debts that totalled $587,997.00. Of that amount, the trial court concluded that $498,594.00 was secured by farm machinery, cattle, crops and equipment used in the chicken litter business. The trial court found "that said debts exceed[ed] the reasonable market value of the marital personal property." The trial court

ordered husband "to assume and pay all of the marital debts [other than that secured by the 1987 Mercury automobile awarded to wife] and to hold the [wife] harmless from the same."

Both husband and wife were 58-years old at the time of the trial. They had been married since December 14, 1956. Husband suffered a heart attack in June 1991 and is diabetic. Wife was hospitalized for uterine cancer in November 1991 and underwent surgery in December 1991. She received radiation therapy following her surgery. The therapy had been completed at the time of the trial.

In November 1991, sometime after Thanksgiving, husband began living with another woman and her two children. He testified that they intended to marry following the dissolution of his current marriage.

Our review of this case is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32. Further, we view the evidence as favorable to the decree, disregarding contrary evidence and deferring to the trial court even if the evidence could support a different conclusion. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983).

*Bixler v. Bixler*, 810 S.W.2d 95, 99 (Mo.App. 1991).

Wife contends, by her first point on appeal, that the trial court erred in awarding maintenance in the amount of $950.00 per month. She contends the amount is inadequate "when all of the evidence in the case shows [wife's] entitlement to maintenance in excess of $950 per month."

■ "The trial court has broad discretion in determining the amount of maintenance, and an appellate court will not interfere ab-

sent an abuse of discretion." *In re Marriage of Vinson*, 839 S.W.2d 38, 43 (Mo.App.1992).

In our review we give deference to the trial court's opportunity to have seen and heard the parties and to have judged their credibility. *Plattner v. Plattner*, 567 S.W.2d 139, 142 (Mo.App.1978).... The burden of demonstrating error in the judgment below is upon the appellant. *Naeger v. Naeger*, 542 S.W.2d 344, 346 (Mo.App. 1976)

*In re Marriage of Brewer*, 592 S.W.2d 529, 532 (Mo.App.1979). The trial court was free to believe none, part or all of the testimony of any witness. *Vinson, supra*, at 42–43.

The only evidence wife presented regarding her living expenses and her request for maintenance was her response to three questions asked by her attorney. The following questions were asked and the following answers given:

Q. Elizabeth, are you asking this Court to give you your share, if a divorce is granted by the Court, to give you your share of the property?

A. Yes. I'll have to have it. I wouldn't have no way to live or no place to live.

Q. Are you asking the Court also to require Mr. Holland to pay to you maintenance, which used to be called alimony?

A. Yes, sir.

Q. Do you have an idea as to how much money it would take you to keep body and soul together and live about like you lived before October of last year?

A. Well, I figured it up about what—if I live like I did before he left, you know, and kept all my bills paid and my insurance on my car and gas and everything like that, that it would take between $1,200 and $1,300 a month.

■ Wife offered no testimony or other evidence that disclosed the nature of the

monthly expenses she expected to incur.[1] She offered no statement of personal income and expenses into evidence. Mindful that the amount of maintenance awarded is not required to be of an amount that permits a spouse to maintain the same standard of living that was enjoyed prior to a dissolution, *Bidstrup v. Bidstrup,* 750 S.W.2d 712, 713 (Mo.App.1988); *Rasmussen v. Rasmussen,* 627 S.W.2d 117, 120 (Mo.App.1982); that the amount of maintenance is not required to be sufficient to meet all the needs of the spouse, *Bixler v. Bixler,* 810 S.W.2d at 100; *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65, 68 (Mo. App.1984); that the trial court provided for wife to continue to reside in the family dwelling and declared the maintenance awarded to wife "to be modifiable", this court does not find that the trial court abused its discretion in setting the amount of maintenance to be paid to wife at $950.00 per month. Wife's first point is denied.

Wife's second point is directed to the trial court's division of marital property. She contends the trial court erred in dividing the marital property "without a specific finding of value of the marital personal property." She points to the trial court's having "assigned specific values" to the tracts of real estate that were distributed and contends the distribution of all the property was based on those values without regard to the value of the personal property that was distributed.

Wife argues, "The decree as rendered and the evidence as adduced makes it impossible to review the decree and evidence and determine if the court has made a fair division of the personal property in this cause." She contends, "In addition, the trial court gave no consideration of the value of a 1000 acre plus farming operation and an obviously profitable chicken litter business."

■ In response to wife's second point, husband calls attention to the fact that no request was made for the trial court to enter a statement of the grounds upon which it based its decision as permitted by Rule 73.-01(a)(2). A trial court is not required to set forth grounds for its decision absent a timely request by a party. *Hatfield v. Cristopher,* 841 S.W.2d 761, 765 (Mo.App.1992). On appeal, this court assumes the trial court considered all the evidence when it divided marital property. *Cofer v. Price–Cofer,* 825 S.W.2d 369, 375 (Mo.App.1992).

■ Section 452.330.1, RSMo Supp.1991, the statute imposing the duty on the trial court to divide marital property in dissolution actions, "does not require specific findings of fact as to the value of the items of marital property awarded in the decree." *Dardick v. Dardick,* 670 S.W.2d 865, 868 (Mo. banc 1984). The trial court had sufficient evidence from which it could determine the value of the property disposed in the decree.

■ The trial court was faced with the unenviable task of making an equitable division of marital property that was heavily laden with debt. The evidence supported the trial court's determination that the debts secured by the marital property exceeded the property's value. Both husband and wife had experienced ill-health. Wife had not been an active participant in the running of the farming operations or the chicken litter business. Considering the indebtedness of the parties, the only apparent means for meeting the heavy financial obligations was the operation of the businesses. The trial court obviously concluded that husband was the logical person to undertake those burdens and awarded him the business assets and directed that he hold wife harmless from the indebtedness secured by those assets. This court finds no abuse of discretion by the trial court in its division of marital property. Wife's second point is denied. The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

1. Husband offered and had admitted into evidence a statement of income and expenses that disclosed his non-business, personal monthly expenses. It reflected monthly estimated expenses of $964.67.